### L. & W. V. McKnight, exr. *v.* A. M. Dozier, Adm'r.

1. RECORD—WHAT CONSTITUTES.—The several courts are required to keep a record of their proceedings.　That record is the official evidence of the orders and judg-

ments of the court in the progress of a cause. These, together with the papers on file, which constitute the writ, pleadings, etc., are directed to be transcribed into a book, which is known in our system as the final record.

2. BILL OF EXCEPTIONS—OFFICE OF.—Matters arising in the progress of the suit, which it is deemed expedient to incorporate into the record, must be certified by a bill of exceptions. By immemorial usage, and practice of courts of common law, these matters, thus certified, must be collateral, *en pais.*

3. EVIDENCE—RECORD—JUDGMENT.—The only evidence of the judgment of the court is the record.

4. BILL OF EXCEPTIONS—JUDGMENT.—The judgment of an inferior court cannot be certified to the appellate court by bill of exceptions. 26 Miss., 109; 32 ib., 372.

Error to the circuit court of Jasper county. THIGPEN, J.

Assignment of error:

The court erred in not sustaining the motion to quash the execution,

1st. Because the judgment, on which it is based, is absolutely void. An executor cannot make an official confession of judgment.

2d. There is a misjoinder of parties, as the record shows that Wm. V. McKnight was not the executor of John C. McKnight, deceased.

3d. The execution could not be run against the real estate of decedent, unless the judgment had been rendered against the ancestor. See Rev. Code, 509, art. 185; Treadwell v. Herndon, 41 Miss., 38; 2 U. S. Dig., 381; McAfee v. Patterson, 2 S. & M., 573.

*Shutt* and *Chapman,* for plaintiff in error.

*Geo. L. Potter,* for defendant in error.

The assignment of errors is founded on the alleged refusal of the court to sustain a motion to quash an execution. It appears from the bill of exceptions that there was such a motion, and that the same was overruled, etc.; but the record proper shows no record upon the motion; therefore, according to repeated decisions of the high court, this cause must be dismissed. This court cannot notice the judgment set out in the bill of exceptions. Thus there is no cause for controversy. 32 Miss., 372.

Simrall, J.:

The cause is brought into this court to review the judgment of the circuit court, overruling a motion to quash the execution.   The reasons assigned for the quashal, are in substance, that there is no valid judgment against the executors, because it is incompetent for them to make an office confession, and the confirmation by the court, could not impart to it validity and force.

We are met *in limine* with the objection, by the defendant in error, that there is no judgment of the circuit court, certified to this court, of which we can take cognizance.   What is matter of record, *propria vigore*, and what must be imported into it by bill of exceptions, to be noticed here, has frequently been the subject of remark by this court.   By law, the several courts are required to keep a record of their proceedings.   That record is the official evidence of the orders and judgments of the court, in the progress of a cause. These, together with the papers on file, which constitute the writs, pleadings, etc., are directed to be transcribed into a book, which is known in our system, as the final record. Matters arising in the progress of the suit, which it is deemed expedient to incorporate into the record, must be certified by a bill of exceptions.   By immemorial usage and practice of courts of common law, these matters, thus certified, must be collateral, *in pais*.   The appropriate evidence, indeed the only evidence of the judgment of the court, is the record. Hence, it was held in Moody v. Nichol, 26 Miss., 109, that the judgment of the circuit court could not be certified to the appellate court, by bill of exceptions.   So, in Harrington v. Mississippi Central R. R. Co., 32 Miss., 372, the writ of error sought to review the judgment of the inferior court, denying a motion for a new trial.   The only proof that such motion had been made and overruled, was a recital in the bill of exceptions.   This was not the proper evidence of the fact.

We are precluded, therefore, from an examination of the questions sought to be reviewed by this writ of error, and are compelled to dismiss the case.   Case dismissed.